### MOTION PICTURE PATENTS CO. v. YANKEE FILM CO.

#### SAME v. STEINER.

##### (Circuit Court, S. D. New York. June 13, 1911.)

PATENTS (§ 326*)—VIOLATION OF INJUNCTION—PUNISHMENT.

A motion to punish defendants for contempt for delay in delivering cameras, impounded as infringements of complainant's patent, denied.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 613–619; Dec. Dig. § 326.*]

In Equity. Suits by the Motion Picture Patents Company against the Yankee Film Company and against William Steiner. On motion to punish defendants for contempt. Motion denied.

See, also, 187 Fed. 7.

Philip Farnsworth (J. Edgar Bull, of counsel), for complaint.

Seward Davis, for defendant.

LACOMBE, Circuit Judge. Under the recent decision of the Supreme Court in the Gompers Case, 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. ——, the motion to punish for a contempt in delaying the delivery of cameras to be impounded must be denied. But on the record as it stands there should be further inquiry.

The defendants, or some of them, on the motion for injunction, undoubtedly gave testimony calculated to give the court the impression that, as to two designated cameras, they could not state positively what was the internal construction, because such cameras were op-

erated by their owners, who refused to allow defendants to see the interior of the box containing them. It is now admitted as to one of them that the operator was not the owner, but that defendants had obtained it from an outside party, and apparently had every opportunity to see how it was constructed. It would be improper to refer now to the details of the testimony. The court remembers distinctly that the effect produced by the case presented by defendants was that practically the real question presented was whether defendants were justified in having pictures taken by a man who owned a camera, and assured them, without exhibiting his camera, that it was noninfringing. This man has now testified, and, if he is to be believed, the court was imposed upon.

It may be that we have here a case of contempt, not by the disobedience of an order, but by misbehavior in the presence of the court, or so near thereto as to obstruct the administration of justice. Section 725, U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 583). In order that the question may be tried out in an orderly manner, plaintiffs should lay all the facts before the United States Attorney for this district, who will, if a prima facie case is made out, institute proceedings on the criminal side of the court for such alleged contempt.

The suggestion by one of defendant's counsel that, before taking further action, the court should be advised of some matters outside the record, need not be considered, because there is nothing in the record which affects counsel in any way, nothing which would indicate that he was not fully justified in accepting his client's statement as truthful —as, indeed, the event may prove it to be—and acting on that assumption